# CIRCUIT COURT OF THE CITY OF RICHMOND

Amy Linette Howell

    v.

Leroy S. McDaniel

September 23, 1994

Case No. LX-156-1

Ended File No. 95-237

BY JUDGE MELVIN R. HUGHES, JR.

In this medical malpractice case, plaintiff alleges that the defendant doctor inappropriately touched and fondled her during a medical examination after she sought treatment for a sore throat. Before the court for the second time are issues regarding the discoverability of alleged prior similar conduct by the defendant against other female patients contained in records of medical insurers and interrogatory answers due from defendant about these matters. This time, the questions concern an earlier ruling on plaintiff's motion to compel and defendant's motion to quash. At that time, the Court directed that defendant answer interrogatories about any alleged prior occurrences. The Court also ruled that the insurers should provide any information about similar conduct alleged by others in their files.

Now, in a written motion to reconsider, defendant asks that the court deny the ordered discovery to plaintiff because similar complaints by other patients have been before the Virginia Board of Medicine. Defendant argues that the insurers have information about these complaints and that the responses defendant has been called on to give about them are protected by § 54.1-2910, a statute that makes investigative information acquired by the Board of

Medicine confidential. By its terms, § 54.1-2910 prohibits discovery of such information in court proceedings. In its pertinent parts, § 54.1-2910 states:

A. Any reports, information or records received and maintained by the medical complaint investigation committee or the Board of Medicine in connection with possible disciplinary proceedings, including any material received or developed by the Committee or Board during an investigation or hearing, shall be strictly confidential. . . .

C. In no event shall confidential information received, maintained or developed by the Committee or Board, or disclosed by the Board to others, pursuant to this section be available for discovery or court subpoena or introduced into evidence in any medical malpractice suit or other action for damages arising out of the provision of or failure to provide health care services. . . .

Defendant cited two other statutes at the hearing in support of the motion to reconsider. First, § 8.01-581.16, which states in pertinent part:

Every member of, or health care professional consultant to, any committee, board, group, commission or other entity shall be immune from civil liability for any act, decision, commission or utterance done or made in performance of his duties while serving as a member of or consultant to such committee, board, group, commission or other entity, with functions primarily, to review, evaluate, or make recommendations on. . . .

And there is § 8.01-581.17, which states where pertinent:

The proceedings, minutes, records, and reports of any medical staff committee, utilization review committee, or other committee as specified in § 8.01-581.16, together with all communications, both oral and written, originating in or provided to such committees are privileged communications which may not be disclosed or obtained by legal discovery proceedings. . . .

At the prior hearing, counsel argued their positions based on the "other crimes" evidence rules. The same arguments were renewed at the reconsideration hearing. While the "other crimes" rules were addressed at the previous hearing, defendant did not cite all the statutes he now urges as a basis for nondisclosure.

Plaintiff argued in her Motion for Discovery Order pursuant to the previous hearing that the information is relevant "to refute any suggestion that the offensive acts were accidental, that the acts persisted despite punishment and specific knowledge that injury occurred from such acts, and malice on the part of the defendant."

It should be noted, as defendant observes, that the Court did not make any determination regarding the admissibility of evidence of defendant's prior conduct for trial purposes. The ruling was only for purposes of discovery. The Court ruled that defendant should respond to questions about any earlier alleged incidents in the same format provided in a consent order in the proceedings before the Virginia Board of Medicine. In the consent order, a summary of the complaints by female patients is given in anonymous form, naming each patient by a letter in the alphabet, with the date and month of each complaint, and a description of the general nature of each complaint. The Court ordered that defendant should answer and the insurers should provide their responses in the same format, without naming names.

First, neither the insurers nor the defendant are a "medical staff committee, utilization review committee, or other committee. . . ." as specified under Va. Code §§ 8.01-581.16 and 8.01-581.17. Va. Code § 8.01-581.17 is only designed to protect the "proceedings, minutes, records, and reports" of such committees. Because the discovery requests at issue are not directed to any "committee" under § 8.01-581.16 or § 8.01-581.17, the statutes are not offended.

Second, the same analysis is applicable to Va. Code § 54.1-2910, it is only designed to protect the enumerated materials in the hands of the Virginia Board of Medicine. There has been no request for discovery from the Board. The instant discovery is solely directed to the insurers and the defendant.

The statutes protect the records and investigative product of medical committees and the Board of Medicine, not information from other sources. The fact that some of the previous complaints the defendant is asked to detail and that which may be found in insurance company records *may* be the same as that in the possession of Virginia Board of Medicine and its investigative committees does not defeat the obvious intent of the statutes — to render unavailable to court discovery, records, reports, minutes, and investigation product of such bodies. Again, the defendant and the insurers do not fit in the categories of a "committee" or "board" under these statutes, and there is no discovery request directed to such "committee" or "board."

Accordingly, the Court will deny the motion to reconsider.